The judgment appealed from is therefore affirmed.

O'NIELL, J., dissents.

---

(88 South. 237)

No. 23083.

## BRENNAN et al. v. ITZKEVITCH.

(April 4, 1921.)

*(Syllabus by Editorial Staff.)*

1. Husband and wife ⚙➡23—Wife not lessee jointly with husband merely because she negotiated lease as husband's agent.

That wife acted as husband's agent in negotiating a lease did not make her a lessee jointly with the husband.

2. Landlord and tenant ⚙➡168(1) — Lessee's wife injured from fall of broken glass as result of strong wind held not contributorily negligent.

Lessee's wife injured by fall of glass from broken window pane blown upon her by a strong wind, while using hallway of premises, *held* not contributorily negligent.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by Mrs. William Brennan and husband against Jacob Itzkevitch. Exception of no cause of action sustained, and plaintiffs appeal. Judgment set aside, and case remanded.

Roger Meunier, of New Orleans, for appellants.

Beer & Robbert, of New Orleans, for appellee.

PROVOSTY, J. Mrs. Brennan sues in damages for injuries inflicted upon her by a piece of window glass which fell upon her from one of the sashes of the premises leased by her husband from defendant.

The defense is that it was plaintiff herself who made the lease, as agent for her husband, and that therefore she was a lessee jointly with her husband, and, being a lessee, was under the obligation to cause the sash to be repaired, and, moreover that she knew of the defect, and therefore was guilty of contributory negligence in exposing herself to the danger.

The pane of glass was 60 inches, or 5 feet, by 30 inches, or 2½ feet. It was broken, and a considerable part of it gone, when the lease was entered into; and one of the express conditions of the lease was that defendant should cause another pane to be put in at once. This he was being constantly urged by the plaintiff and her husband to do and was constantly promising to do and putting off doing. The piece of glass was dislodged and hurled upon plaintiff by a strong wind, and the window was in the hallway where she had necessarily to pass.

[1] We are not informed why plaintiff should be supposed to be a lessee jointly with her husband simply because she acted as his agent in negotiating the lease, and do not know of any reason why she should be

so considered. She was therefore under no obligation to make the repair in question.

[2] Since she was bound to use the hallway in question, and moreover could not have had any reason to apprehend that a strong wind would come and blow a piece of this broken window pane upon her, we do not see why defendant should be thinking of charging her with contributory negligence in that connection.

The trial court sustained an exception of no cause of action without giving reasons.

The judgment appealed from is set aside, and the case is remanded for trial; defendant to pay the costs of this appeal.